UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA LIEBING,

    Plaintiff,

v.                                                      Case No.: 2:20-cv-556-FtM-38NPM

CIRCLE K STORES, INC.,

    Defendant.
_____/

## ORDER[1]

Before the Court is Plaintiff Patricia Liebing's Motion to Remand (Doc. 6) and Defendant Circle K Stores, Inc. Response in Opposition (Doc. 14).

Liebing filed this slip-and-fall case in state court. (Doc. 3). Liebing alleges Circle K was negligent in maintaining the premises and failing to warn of a dangerous condition. Circle K removed on diversity grounds. (Doc. 1). Liebing now moves to remand because Circle K did not establish an amount in controversy to invoke this Court's subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts, therefore, remand any case that was "without the necessary jurisdiction." *Estate of Ayres ex rel. Strugnell v. Beaver*, 48 F. Supp. 2d 1335, 1339 (M.D. Fla. 1999). "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *Id.* (internal

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

quotations omitted). The party seeking removal must meet the burden of satisfying the jurisdictional requirements for removal. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The removal statutes permit a defendant to move a case from state to federal court provided the case could have brought in federal court. 28 U.S.C. § 1441 (governing removal); *id.* at § 1446 (establishing the procedure for accomplishing removal). Federal courts have original jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is completely diverse citizenship of parties. 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

Where, as here, plaintiff made an unspecified demand for damages in her complaint, the removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional minimum. *Leonard v. Enterprise Rent a Car*, 279 F.3d 957, 972 (11th Cir. 2002); *Williams*, 269 F.3d at 1319. Ultimately, the question is whether the notice of removal plausibly alleges that "the amount in controversy at the time of removal" exceeds $75,000. *S. Fla. Wellness, Inc. v. Allstate Ins.*, 745 F.3d 1312, 1315 (11th Cir. 2014). So the issue here is whether Circle K showed the amount in controversy more likely than not exceeded $75,000 when it removed.

In asserting the amount in controversy, Circle K relied on Liebing's interrogatory answers. (Doc. 1-1). Circle K posed, "List each item of expense that you claim to have incurred as a result of the injuries sued on in this action." (Doc. 1-1 at 5). Liebing responded with an itemized list of medical expenses separated by medical providers totaling over $100,000. (Doc. 1-1 at 5). In other words, Liebing's medical expenses alone

were over $100,000 before removal. The Court, therefore, need not wade into any of the more uncertain claimed damages like pain and suffering or lost future earnings.

In a conclusory way, Liebing contends this is insufficient to show the amount in controversy exceeds $75,000 by a preponderance of the evidence. Yet Liebing failed to argue why in the Motion. Instead, Liebing speaks to the facts of an auto insurance case between a couple named the Barton's and State Farm. It appears counsel simply cut-and-pasted several pages from a motion in that case without bothering to change the facts. Regardless, that case is inapposite because neither plaintiff's medical expenses there exceeded $20,000 at the time of removal. While Liebing provided unexplained evidence of medical bills to some of her medical providers totaling at least $61,875 (Doc. 6-3), these bills do not appear to account for all the expenses Liebing incurred like the additional $19,000 owed to NCH (Doc. 1-1 at 5). Without any evidence or argument in rebuttal, the facts at hand show Liebing's medical expenses exceeded $75,000 when Circle K removed.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Remand (Doc. 6) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of August, 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record